**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION**

**ALTON EARL INGRAM, JR.,**

        **Plaintiff,**

**vs.**                                                                        **CASE NO. 4:08CV93-RH/AK**

**RUDEN, MCCLOSKY, SMITH,
et al,**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint on February 21, 2008, based on diversity jurisdiction, alleging that the defendants had committed legal malpractice causing him the loss of medical licensing privileges in several states.  (Doc. 1).  Plaintiff is proceeding *pro se.* Defendants moved to dismiss the complaint in part or for more definite statement, which the undersigned recommended be granted.  (Doc. 19).  Plaintiff did not respond to the motion to dismiss.  The recommendations were adopted and the matter remanded to the undersigned for further proceedings.  (Doc. 21).  It was ordered that Plaintiff file an amended complaint providing more factual detail on the remaining claims.  (Doc. 22). The parties were advised in that order that after the amended complaint was filed and a response made by the Defendants, a scheduling order would be entered to allow discovery on the remaining issues.   When no amended complaint was filed, the Court

entered a show cause order on  March 30, 2009, requesting a response on or before

April 15, 2009.  There has been no response to that order either.

A trial court has inherent power to dismiss a case *sua sponte* for failure to

prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734

(1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for

failure to obey a court order.  Plaintiff has failed to comply with two orders of this Court

directing that he amend the complaint (doc. 22) and show cause why this case should

not be dismissed for failure to prosecute.  (Doc. 23).  Plaintiff did not respond to the

pending motion to dismiss either and has actually had no communication with the Court

on any matter since he requested and received additional time to serve the Defendants

in June 2008.  (See Docs. 6 and 8).  While the undersigned is reluctant to recommend

dismissal after a *pro se* party has paid the full filing fee and achieved service upon the

defendants, considerable time and effort has been expended by the Court and the

defendants to interpret and respond appropriately to the claims made by the *pro se*

Plaintiff who has offered little assistance in the prosecution of his case beyond service.

Consequently, it appears that this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED**

without prejudice.

**IN CHAMBERS** at Gainesville, Florida, this  _**24**th_  day of April, 2009.


                                    *s/ A. KORNBLUM*
                                     **ALLAN KORNBLUM**
                                     **UNITED STATES MAGISTRATE JUDGE**



No. 4:08CV93-RH/AK

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:08CV93-RH/AK